## VALLETTE et al. v. BREVARD COUNTY, FLA.

### No. 10888.

Circuit Court of Appeals, Fifth Circuit.

April 22, 1944.

G. B. Fishback and Woodford R. Smith, both of Orlando, Fla., for appellants.

Noah B. Butt, of Cocoa, Fla., for appellees.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

SIBLEY, Circuit Judge.

Appellants seek to recover $\frac{1}{2}$ of 1% of the par value of refunded bonds of Brevard County, Florida, as a balance due for services in the refunding.

On Sept. 19, 1935, appellants entered into an agreement with Brevard County to act as exclusive refunding agent in exchanging the County's and its taxing districts' outstanding bonds for new and more favorable issues. The agreement was to be in force up to and including Jan. 1, 1937. Appellants were to bear certain expenses and were to receive therefor and for their services certain percentages of the bonds exchanged, to be increased by $\frac{1}{2}$% if one hundred percent of the outstanding bonds should be exchanged. The time was by a later agreement extended to Jan. 1, 1940, and thirty-five bonds were excepted from the one hundred percent requirement. As a means of forcing a one hundred percent exchange the agreement contemplated a resort to municipal bankruptcy if necessary. It provided: "The agency (appellants) hereby agrees that when seventy-five percent of the presently outstanding bonds of the County or any of the special taxing districts have given their written consent to an exchange under the terms of this refunding program, that then and in such event a proceeding will be instituted, if necessary, under the terms of the Municipal Bankruptcy Bill, to decree that all bonds shall come under the terms of the refunding program. The County agrees to co-operate and participate in such proceeding, as provided by law. The agency agrees to pay the necessary expense incident to such proceeding, the agency reserving the right at all times to approve or disapprove the items of expense, all of which are to be subject to their approval."

On Dec. 5, 1939, after more than 75% of all issues had been exchanged on written consents to the refunding program, appellants wrote the County Commissioners, naming five of the taxing districts: "I want to urge you earnestly to authorize your attorney and your proper officers to immediately institute municipal bankruptcy proceedings so that we can require the holders of the bonds of these districts to accept refunding bonds." Appellant G. E. Vallette collaborated with the County Attorney in preparing a resolution for the

Commissioners, and was present when it was passed by them on December 7. It recited the above quoted provision of the contract and appellants' request of December 5, and resolved that in the event the agency has obtained the written consent of 75% of all the bonds of the districts named in the letter of December 5, as stipulated in the contract, or in the event this Circuit Court of Appeals has held that actual exchange under partially completed plans can be accepted in lieu of written consent, then the County Attorney be and is hereby d·rected to proceed under the National Municipal Bankruptcy Act, 11 U.S.C.A. § 401 et seq. It also provided that all proceedings under the resolution must be instituted by Jan. 1, 1940, and that there was to be no modification or extension of the agenc; agreement.

Vallette and the County Attorney at once went into conference, discussed the latter's fee, and failed to agree fully about it, but Vallette went away to get the necessary data to file the petitions. He did not report back to the County Attorney, or answer several letters from him urging haste. On Dec. 23 Vallette wrote the Commissioners that other attorneys consulted by him doubted the sufficiency of the resolution of Dec. 7, because of the condition in it; and that he had not been able to come to terms with the County Attorney, but was prepared to do most of the work without an attorney and would engage one when it became necessary, and asked that an unconditional resolution be passed and the time limit of Jan. 1, 1940, be extended. The Board of Commissioners met in special session on Dec. 30, 1939, Vallette being present, and took this action: "The Board on considering the matter did not feel authorized to grant such request at this late date, especially in view of the utter failure·to cooperate with the Board on the resolution adopted December 7, at the request and approved by Mr. Vallette before its adoption."

The claim of appellants is that the County has refused to cooperate in causing a municipal bankruptcy as it agreed to do, and thereby broken its contract and prevented them from earning the 1/2 of 1% which they would have earned by a one hundred percent refund. The District Judge, sitting without a jury, found against the claim. We agree. The Board did exactly what Vallette asked it to do on Dec. 7. It cooperated perfectly, not insisting that the complete refund be accomplished by Jan. 1, according to the contract, but only that bankruptcy proceedings be begun before that date. The objection to the resolution made by the letter dated Dec. 23 seems captious. It is true that the Circuit Court of Appeals had not yet rendered the expected decision, but the alternative condition that there be 75% of written consents was fulfilled. Indeed, under the contract, cooperation in a municipal bankruptcy could not be asked without such consents for each distric·· named in the request therefor. When the Board met to consider the matter again on Dec. 30, it was fully within its rights to refuse further time, and no effort to file proceedings on that day or the next was made. We do not think a right to recover this part of the refunding commission is shown.

Judgment affirmed.